**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Netrality Properties, LP, <br><br> Defendant. | Civil Action No. <br><br> Hon. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Netrality Properties, LP ("Netrality") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Netrality is a limited partnership organized and existing under the laws of the State of Delaware. On information and belief, Netrality can be served with process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent) and 6,868,682 (the '682 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The '287 Patent, entitled "entitled "Cooling system," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7. The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9. The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

10.    This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

11.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.    Netrality operates a data center in this District. Netrality's Chicago data center is located at 717 South Wells, St. Chicago, IL 60607.[1]

13.    This Court has general and specific personal jurisdiction over Netrality. Netrality operates a data center in this District at its Chicago facility. Netrality has maintained offices, employees, and business operations in Illinois, and has therefore purposefully availed itself of the privileges of conducting business in Illinois and has minimum contacts with the State of Illinois. The exercise of personal jurisdiction is proper under the Illinois Long Arm Statute and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Netrality because, on information and belief, it has performed methods in its Chicago data center facility that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with Illinois.

14.    Venue is proper in this District under 28 U.S.C. § 1400(b). Netrality has a regular and established place of business in this District at its Chicago data center facility. On information and belief, Netrality has committed acts of infringement in this District at this facility.

## DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

15.    Netrality owns and operates a number of data centers across the United States. For example, Netrality advertises operating 9 data centers totaling 3.3 million square feet of space in

---

[1] https://netrality.com/data-center/717-south-wells-chicago/

North America.[2] Netrality's data centers implement cooling equipment from various suppliers, and Netrality uses that equipment to perform methods of cooling that, on information and belief, infringe the Asserted Patents.

16.     In particular, Netrality has used cooling equipment from Vertiv Corporation in its data centers. For example, Netrality's website show Vertiv cooling equipment inside Netrality's data centers:



https://netrality.com/data-center/401-north-broad-philadelphia/

17.     On information and belief, Netrality may have used other cooling equipment from suppliers beyond Vertiv in its data centers to perform methods that infringe the Asserted Patents, including, for example, Stulz, Trane, DataAire, and Schneider Electric. On information and belief, Netrality may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

---

[2] https://netrality.com/locations/?_gl=1*qmgl6s*_up*MQ..*_gs*MQ..&gclid=CjwKCAjw-dfOBhAjEiwAq0RwI4-AsCqmcs_oGrlgIRXr3BXRhJYPoipWhNtzmh5_PUC_cmF1ZR1vHBoCHn0QAvD_BwE&gbraid=0AAAAADQlv97DtpAwj7NQgkAOKKZjseUJj

18.     Valtrus notified Netrality of its infringement of its patent portfolio relating to data center technologies and has repeatedly sought to resolve this dispute outside of litigation prior to bringing this case.

19.     On January 9, 2025, Valtrus's counsel sent a letter to Gerald Marshall, Netrality's Chief Executive Officer, informing Netrality about Valtrus's patent portfolio and offering an opportunity to license the patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the Asserted Patents. The letter also noted that it had incomplete information regarding the products and methods used by Netrality in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Netrality to confirm the scope and extent of Netrality's infringement. Netrality never responded to Valtrus's letter.

20.     In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final request to Vertiv to resolve its customers' infringement without litigation. Exhibit 3. Vertiv never responded.

21.     Because Netrality and Vertiv have refused to engage with Valtrus's requests to resolve this dispute without litigation, and Netrality has not provided any additional information

about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

22.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-21 of the Complaint.

23.     The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

24.     Netrality infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, Netrality has used cooling equipment from at least Vertiv to cool its data centers, and may have also used other cooling equipment from Stulz, Trane, DataAire, Schneider Electric, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Netrality used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 4-7.

## SECOND CLAIM

### (Infringement of the '682 Patent)

25.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-21 of the Complaint.

26.     The '682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

27.     Netrality infringed the '682 Patent by performing methods of cooling its data centers prior to the expiration of the '682 Patent. As described above, Netrality has used cooling equipment from at least Vertiv to cool its data centers, and may have also used other cooling equipment from Stulz, Trane, DataAire, Schneider Electric, or other suppliers in a similar manner

to perform the claimed methods. Exemplary claim charts reflecting how Netrality used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibits 8-11.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Netrality, as follows:

A. That Netrality has infringed each of the Asserted Patents;

B. That Netrality pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Netrality pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Netrality pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 8, 2026

Respectfully submitted,

*/s/ Matthew Berkowitz*

Connor S. Houghton
Reichman Jorgensen Lehman & Feldberg
LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Patrick Colsher
Sean M. McCarthy
Reichman Jorgensen Lehman & Feldberg
LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz
Reichman Jorgensen Lehman & Feldberg
LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

*Attorneys for Plaintiffs*

8